## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

BELKIS HERNANDEZ LAUE,

     Plaintiff,

-vs-

Case No.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, MIDLAND
CREDIT MANAGEMENT, INC., and
CREDIT FIRST NATIONAL
ASSOCIATION,

     Defendants.

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, BELKIS HERNANDEZ LAUE (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "Midland"), and CREDIT FIRST NATIONAL ASSOCIATION (hereinafter "Credit First") (collectively hereinafter "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting

1

Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") and Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*.

## **PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA and FDCPA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Broward County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15. Experian disburses such consumer reports to third parties under contract for monetary compensation.

16. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Midland is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, Midland Funding LLC, located at 13008 Telecom Drive, Suite 350, Tampa, Florida 33637.

20.     Midland is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     Midland furnished information about Plaintiff to the CRAs that was inaccurate.

22.     Credit First is a corporation headquartered at 6275 Eastland Road, Brook Park, Ohio 44142 that upon information and belief conducts business in the State of Florida.

23.     Credit First is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.     Credit First furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

25.    Plaintiff has a credit account with non-party, Comenity Bank, account number ending in x6428, as to a Victoria's Secret credit card (hereinafter "Victoria's Secret Account").

26.    In or about May 2021, Plaintiff became aware of unauthorized and fraudulent charges to several credit card accounts, including but not limited to the Victoria's Secret Account.

27.    Shortly thereafter, Plaintiff contacted her banks regarding the fraudulent charges and learned that her personal bank accounts were hacked.

28.    Plaintiff later learned that new accounts were opened with Victoria's Secret in Miami, Florida. Plaintiff did not open and did not authorize these accounts.

29.    Plaintiff continued to contact Comenity Bank to dispute the fraudulent charges to the Victoria's Secret Account. Plaintiff also attempted to dispute the newly opened accounts but was unable to verify the address because she had never lived in Miami, Florida.

30.    In or about February 2023, Plaintiff learned that the fraudulent Victoria's Secret Account was charged off and the debt was sold to Midland, account number ending in x8578, (hereinafter "Midland Account") which caused her credit score to decrease from a score over 800 to a score in the 500s.

31.     Plaintiff has contacted Midland and Comenity Bank multiple times to dispute the fraudulent account balance.

32.     Since approximately March 2023, Plaintiff has received at least eleven (11) collection calls and one (1) collection letter from Midland seeking collection of the fraudulent balance on behalf of Comenity Bank/Victoria's Secret.

33.     Around this time, Plaintiff contacted the CRAs to dispute the fraudulent Midland Account.

34.     Plaintiff did not receive dispute results from Equifax. However, upon review of an updated credit report, Plaintiff observed a comment which indicated the Midland Account was previously in dispute and verified.

35.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

36.     Equifax never attempted to contact Plaintiff during the alleged investigation.

37.     Upon information and belief, Equifax notified Midland of Plaintiff's dispute. However, Midland failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

38.     Plaintiff did not receive dispute results from Experian. However, upon review of an updated credit report, Plaintiff observed a comment which indicated the Midland Account was previously in dispute and verified.

39.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

40.     Experian never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Experian notified Midland of Plaintiff's dispute. However, Midland failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

42.     Plaintiff did not receive dispute results from Trans Union. However, upon review of an updated credit report, Plaintiff observed a comment which indicated the Midland Account was previously in dispute and verified.

43.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

44.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

45.     Upon information and belief, Trans Union notified Midland of Plaintiff's dispute. However, Midland failed to conduct a reasonable investigation

and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

46.    On or about January 18, 2024, Plaintiff obtained copies of her credit report from the CRAs. Upon review, Plaintiff observed the Victoria's Secret Account was being reported with a status of Charge Off in the amount of $8,913. Further, the Midland Account was reported with a status of Collection with a balance of $8,913. Additionally, Plaintiff observed an account with Credit First, account number ending in x3693 with a status of charge off and a balance of $739 (hereinafter "Credit First Account"). Plaintiff never applied or gave permission to anyone to apply using her information for the Credit First Account.

47.    On or about January 27, 2024, Plaintiff filed an identity theft report with the Federal Trade Commission (hereinafter "FTC"), report number 168790595, informing them that she believed she was a victim of identity theft due to the fraudulent charges to the Victoria's Secret Account and the fraudulent Credit First Account.

48.    On or about February 6, 2024, Plaintiff mailed a detailed written dispute letter to the CRAs concerning the inaccurate reporting. Plaintiff explained her accounts were hacked resulting in fraudulent charges to the Victoria's Secret Account. Further, Plaintiff explained she did not owe the balance Midland was attempting to collect and that the Credit First Account did not belong to her. Plaintiff

included an image of her driver's license and Social Security card to confirm her identity. Plaintiff also included images of the erroneous credit reporting and images of her filed FTC Identity Theft Report, number 168790595.

49.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0737 8653 75), Experian (9589 0710 5270 0737 8653 99), and Trans Union (9589 0710 5270 0737 8653 82).

50.     On or about February 15, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating it would not be blocking any information for identity theft, but it would be sending her dispute to the furnishers.

51.     As of March 15, 2024, Plaintiff had not received dispute results in the mail from Equifax. However, upon review of her Equifax credit report on that date, Plaintiff observed the Victoria's Secret Account and Midland Account were no longer appearing on her credit file. However, the Credit First Account continued to be reported with a balance of $739.

52.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

53.     Equifax never attempted to contact Plaintiff during the alleged investigation.

54.     Upon information and belief, Equifax notified Credit First of Plaintiff's dispute. However, Credit First failed to conduct a reasonable investigation and

merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

55. On or about February 15, 2024, Trans Union responded to Plaintiff's written dispute letter by stating Plaintiff's request for an identity theft block was denied.

56. Despite delivery confirmation, Plaintiff did not receive any dispute results in the mail from Trans Union. Upon review of an updated credit report on March 15, 2024, Plaintiff observed that the Victoria's Secret Account and Midland Account were no longer appearing in her credit file. However, the Credit First Account continued to be reported with a balance of $739.

57. Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

58. Trans Union never attempted to contact Plaintiff during the alleged investigation.

59. Upon information and belief, Trans Union notified Credit First of Plaintiff's dispute. However, Credit First failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

60. On or about February 16, 2024, Experian responded to Plaintiff's detailed dispute letter by providing information about remedying identity theft.

61.     On or about February 22, 2024, Experian provided dispute results which stated the Credit First Account was verified and updated.

62.     On or about March 7, 2024, Experian sent additional dispute results which stated the Victoria's Secret Account was verified and remains. To Plaintiff's relief, Experian stated the Midland Account was removed.

63.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

64.     Experian never attempted to contact Plaintiff during the alleged investigation.

65.     Upon information and belief, Experian notified Credit First of Plaintiff's dispute. However, Credit First failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

66.     Despite Plaintiff's best efforts to have the erroneous account removed, Defendants continued to report the fraudulent and unauthorized Credit First Account to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

67.     Defendants have never attempted to contact Plaintiff about her disputes, and she continues to suffer as of the filing of the Complaint with Defendants' refusal

to conduct a meaningful and thorough investigation into her disputes as it is required by law or otherwise make her credit file accurate.

68.     Due to the actions and/or inactions of Defendants, Plaintiff's credit score has been reduced.

69.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.   Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the errors;

   iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors; and

   iv.   Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score.

## **CAUSES OF ACTION**

## **COUNT I**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

70. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

71. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

72. Equifax allowed for Furnisher(s) to report inaccurate information on an account.

73. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

74. Equifax violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

75. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

76.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

77.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

<u>**COUNT II**</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

78.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

79.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

80.     Equifax allowed for Furnisher(s) to report inaccurate information on an account.

81.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

82.     Equifax violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

83.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

84.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

85.     Plaintiff is entitled to recover costs and attorney's fees Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual or statutory damages and punitive damages

against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

86.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

87.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

88.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnishers.

89.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

90.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

91.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

<u>**COUNT IV**</u>
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

92.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

93.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

94.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnishers.

95.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

96.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

97.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff

her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

98.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

99.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

100.   Experian allowed for Furnisher(s) to report inaccurate information on an account.

101.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

102.   Experian violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

103.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from

lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

105.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE,  Plaintiff,  BELKIS  HERNANDEZ  LAUE,  respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**<u>COUNT VI</u>**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

106.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

107.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

108.   Experian allowed for Furnishers to report inaccurate information on an account.

109.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

110.   Experian violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

111.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

112.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

113.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

114.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

115.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

116.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnishers.

117.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

118.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

119.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**<u>COUNT VIII</u>**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

120.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

121. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

122. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnishers.

123. As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

124. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

125. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

126.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

127.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

128.   Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

129.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

130.   Trans Union violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

131.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

132.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

133.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT X**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

134.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

135.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

136.   Trans Union allowed for Furnishers to report inaccurate information on an account.

137.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

138.   Trans Union violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

139.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and

apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

140. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

141. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

142. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

143. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

144.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnishers.

145.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

146.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

147.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-

judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XII
**Violation of 15 U.S.C. § 1681i as to
Defendant, Trans Union LLC (Willful)**

148.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

149.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

150.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnishers.

151.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and

apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

152.  The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

153.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Midland Credit Management, Inc. (Negligent)

154.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

155.  Midland furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

156.  Upon information and belief, after receiving Plaintiff's disputes, Midland violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly

investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

157.   Plaintiff provided all the relevant information and documents necessary for Midland to have identified that the account balance was fraudulent and inaccurate.

158.   Midland did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Midland by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

159.   Midland violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

160.   As a result of this conduct, action, and/or inaction of Midland, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from

lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

161.   The conduct, action, and/or inaction of Midland was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

162.   Plaintiff is entitled to recover costs and attorney's fees from Midland in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual damages against Defendant, MIDLAND CREDIT MANAGEMENT, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## **COUNT XIV**
### **Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Midland Credit Management, Inc. (Willful)**

163.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

164.   Midland furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

165.   Upon information and belief, after receiving Plaintiff's disputes, Midland violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

166.   Plaintiff provided all the relevant information and documents necessary for Midland to have identified that the account balance was fraudulent and inaccurate.

167.   Midland did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Midland by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

168.   Midland violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

169.   As a result of this conduct, action, and/or inaction of Midland, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

170.   The conduct, action, and/or inaction of Midland was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

171.   Plaintiff is entitled to recover costs and attorney's fees from Midland in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, MIDLAND CREDIT MANAGEMENT, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**<u>COUNT XV</u>**
**Violation of 15 U.S.C §1692f(1) as to**
**Defendant, Midland Credit Management, Inc.**

172.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

173.   Midland has repeatedly attempted to collect a debt from Plaintiff that it knew or had reason to know was illegitimate.

174.   Midland violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or otherwise permitted by law.

175.   Midland had all the information it needed to determine that the debt did not belong to Plaintiff, yet repeatedly attempted to collect that debt regardless.

176.   As a result of the conduct, action and inaction of Midland, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff is in fear that the collection notices Midland has sent will harm her credit reputation.

177.   Plaintiff is entitled to recover actual, statutory, compensatory, and punitive damages from Midland pursuant to the FDCPA.

178.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Midland in the amount to be determined by the Court pursuant to the FDCPA.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual, statutory, compensatory, and punitive damages against Defendant, MIDLAND CREDIT MANAGEMENT, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and

post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just, equitable, and proper.

## COUNT XVI
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Credit First National Association (Negligent)

179.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

180.   Credit First furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

181.   Upon information and belief, after receiving Plaintiff's disputes, Credit First violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

182.   Plaintiff provided all the relevant information and documents necessary for Credit First to have identified that the account was fraudulent and inaccurate.

183.   Credit First did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Credit First by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account was accurate. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

184.   Credit First violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

185.   As a result of this conduct, action, and/or inaction of Credit First, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

186.   The conduct, action, and/or inaction of Credit First was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

187.   Plaintiff is entitled to recover costs and attorney's fees from Credit First in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual damages against Defendant, CREDIT FIRST

NATIONAL ASSOCIATION; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XVII
**Violation of 15 U.S.C § 1681s-2(b) as to
Defendant, Credit First National Association (Willful)**

188.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

189.   Credit First furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

190.   Upon information and belief, after receiving Plaintiff's disputes, Credit First violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

191.   Plaintiff provided all the relevant information and documents necessary for Credit First to have identified that the account was fraudulent and inaccurate.

192.   Credit First did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Credit First by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account was accurate. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

193.   Credit First violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

194.   As a result of this conduct, action, and/or inaction of Credit First, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

195.   The conduct, action, and/or inaction of Credit First was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

196.   Plaintiff is entitled to recover costs and attorney's fees from Credit First in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CREDIT FIRST NATIONAL ASSOCIATION; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BELKIS HERNANDEZ LAUE, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, MIDLAND CREDIT MANAGEMENT, INC., and CREDIT FIRST NATIONAL ASSOCIATION, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 25th day of March 2024.

Respectfully Submitted,

**/s/ Frank H. Kerney, III, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Primary Email:
Frank@TheConsumerLawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*